IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MYLES RAMZEE,** | : CIVIL ACTION NO. 1:05-CV-1328 |
| Petitioner | : (Chief Judge Conner) |
| v. | : |
| **LOUIS FOLINO,** *et al.*, | : |
| Respondents | : |

## **ORDER**

AND NOW, this 8th day of August, 2016, upon consideration of petitioner's motions (Docs. 34, 38) pursuant to Federal Rule of Civil Procedure 60(b)(2) and (6)[1], in which he attempts to challenge the court's 2006 denial of his habeas corpus petition (Doc. 29), in light of the United States Supreme Court's decisions in Martinez v. Ryan, 132 S. Ct. 1309, 182 L.Ed.2d 272 (2012), which held that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial," Martinez, 132 S. Ct. at 1315, and Wearry v. Cain, 136 S. Ct. 1002, 1006-07, 194 L.Ed.2d 78 (2016), wherein the Supreme Court reiterated its holding in Brady v. Maryland, 373 U.S. 83 (1963), that a prosecutor's suppression of material

---

[1] Rule 60(b)(6) is a catch-all provision. Motions under this rule are subject to the requirement that a petitioner file his motion "within a reasonable time. . ." FED.R.CIV.P. 60(c). A petitioner may not use Rule 60(b)(6) "as a [catch-all] to avoid the one-year limitation [of Rule 60(c)]." Gambocz v. Ellmyer, 438 F.2d 915, 917 (3d Cir. 1971)). A motion filed under Rule 60(b)(6) more than one year after final judgment is generally untimely unless "exceptional circumstances" justify the delay. Ackermann v. United States, 340 U.S. 193, 202, 71 S. Ct. 209, 95 L. Ed. 207 (1950).

evidence violates due process, and it appearing that the instant motion which was filed under Rule 60(b) more than one year after final judgment is untimely, unless "exceptional circumstances" justify the delay, Ackermann v. United States, 340 U.S. 193, 202, 71 S. Ct. 209, 95 L.Ed. 207 (1950), and the United States Court of Appeals for the Third Circuit explaining that "Martinez, without more, does not entitle a habeas petitioner to Rule 60(b)(6) relief," Cox v. Horn, 757 F.3d 113, 124 (3d Cir. 2014), and Rule 60(b)(6) relief in the habeas context, especially based on a change in federal procedural law, will be rare, id., and it appearing that there is nothing in Martinez that is applicable to petitioner's situation since "Martinez's change to the federal rules of procedural default," Cox, 757 F.3d at 124, does not apply in this case because the underlying ineffectiveness claims were considered on the merits in habeas proceedings, nor is there anything in Wearry that applies to this claim because petitioner is merely rehashing evidentiary arguments previously raised in his first Post Conviction Relief Act petition and in his initial federal habeas petition, see (Doc. 1; Doc. 18-8 at 19-26), and it further appearing that petitioner's conviction and initial federal habeas proceeding ended years ago, and principles of finality and comity weigh against disturbing those judgments, see Cox, 757 F.3d at 125, it is hereby ORDERED that the motions (Docs. 34, 38) are DENIED.

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania